EXHIBIT C

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, State Bar No. 284832
Andrew.frederick@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, State Bar No. 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLY POK, an individual on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation and DOES 1-50,<br><br>Defendants. | Case No. 37-2023-00026924-CU-OE-CTL<br><br>**DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: June 27, 2023<br>Trial Date:         None Set |

Defendant JetBlue Airways Corporation ("JetBlue" or "Defendant") hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Carly Pok ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, JetBlue denies, generally and specifically, each and every allegation in Plaintiff's Complaint. JetBlue further denies that Plaintiff, or any member of the putative class she purportedly seeks to represent, has been damaged in the sums alleged, or any other sum, or at all, by reason of any act or omission to act on the part of JetBlue or any of its agents, servants, employees, or representatives. JetBlue further denies that the named Plaintiff or any member of the putative class she purportedly seeks to represent is entitled to any type of remedy, relief, or damages of any kind, including the relief requested in her prayer for relief.

## DEFENSES

JetBlue has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses stated herein are based on JetBlue's knowledge, information, and belief at the present time, and JetBlue specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, JetBlue asserts the following defenses to the allegations set forth in the Complaint:

### FIRST DEFENSE
(Statutes of Limitations)

1. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred, in whole or in part, by the limitations periods applicable to their causes of action, including, but not limited to, California Code of Civil Procedure sections 338, 339, 340, and 343, Labor Code section 203, and California Business and Professions Code section 17208.

### SECOND DEFENSE
(Lack of Standing)

2. Plaintiff's causes of action and/or the causes of action of some or all of the

putative class action members are barred, in whole or in part, because Plaintiff lacks standing to bring the purported claims under the California Business and Professions Code section 17204, the California Labor Code, and other applicable state laws.

**THIRD DEFENSE**
(Not Appropriate for Treatment as Class Action)

3.  The Complaint, and each claim alleged therein, are not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the putative class; (b) Plaintiff's counsel will not fairly and adequately represent the putative class; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of claims; and (e) the individualized nature of Plaintiff's claims makes class treatment inappropriate.

**FOURTH DEFENSE**
(Conflicts of Interest)

4.  The interests of Plaintiff and/or some of the putative class members are in conflict with the interests of other putative class members.

**FIFTH DEFENSE**
(Lack of Control and Manageability)

5.  The putative class action fails as to other putative class action members because it lacks control and manageability.

**SIXTH DEFENSE**
(Preemption)

6.  Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are preempted, in whole or in part, by federal law, including, but not limited to, the Airline Deregulation Act and the Railway Labor Act.

**SEVENTH DEFENSE**
(IWC Wage Order 9 Section 3(N) Overtime Exemption)

7.  Plaintiff's cause of action and/or those of putative class action members for alleged failure to pay overtime are exempt under Section 3(N) of IWC Wage Order 9 to the extent that Plaintiff and/or putative class action members worked over forty hours but not more than

sixty hours in a workweek due to a temporary modification in the Plaintiff or putative class action member's normal work schedule not required by JetBlue but arranged at the request of Plaintiff or the putative class action member.

**EIGHTH DEFENSE**
(Voluntary Waiver of Break Opportunity)

8. The alleged meal and rest break violations are barred to the extent Plaintiff and the putative class action members were relieved of duty to take compliant breaks, but certain employees on a given day waived the opportunity to have one or more work-free breaks of the required length and/or within the required time frames by choosing to work when not required to do so.

**NINTH DEFENSE**
(Meal Period Waiver – Mutual Consent)

9. Plaintiff's cause of action and/or the cause of action of some or all of the putative class action members for alleged failure to provide meal breaks fails to the extent that the meal break was waived by mutual consent of JetBlue and Plaintiff and/or any putative class member as permitted under the applicable wage order.

**TENTH DEFENSE**
(Laches)

10. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members, including claims for damages, if any, are barred in whole or in part by the doctrine of laches.

**ELEVENTH DEFENSE**
(*Res Judicata*/Collateral Estoppel)

11. Plaintiff's causes of action and/or the causes of action of the putative class members are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

**TWELFTH DEFENSE**
(Constitutional Right to Equal Protection)

12. An award of penalties against JetBlue would be an unconstitutional denial of JetBlue's right to equal protection under both the United States and California Constitutions.

**THIRTEENTH DEFENSE**
(Good Faith)

13. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred because JetBlue's alleged actions and/or omissions were in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency, and JetBlue had reasonable grounds, in fact or law, for believing that the actions and/or omissions undertaken did not violate any California Labor Code provision or any applicable Wage Order of the Industrial Welfare Commission.

**FOURTEENTH DEFENSE**
(Conduct Reasonable and in Good Faith/Not Willful, Knowing, or Intentional)

14. Plaintiff and the putative class action members are barred from recovering penalties pursuant to, *inter alia*, California Labor Code section 203 because: (a) there is a *bona fide*, good faith dispute as to any wages that were allegedly unpaid; (b) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (c) neither JetBlue nor any agent or employee of JetBlue acted willfully in failing to pay wages allegedly due to Plaintiff and/or any putative member of the purported class action.

**FIFTEENTH DEFENSE**
(Waiting Time Penalties)

15. JetBlue alleges that the Complaint failed to state a claim for waiting time penalties under Labor Code Section 203, in that some of the members of the purported class did not resign or were not discharged prior to the filing of this action.

**SIXTEENTH DEFENSE**
(Good Faith Dispute)

16. Imposition of waiting time penalties premised upon the alleged untimely payment of wages upon termination is barred because, with respect to Plaintiff and one or more of the putative class members, a bona fide and good faith dispute existed, based in law and/or fact, that any wages were due and owing upon termination.

**SEVENTEENTH DEFENSE**
(No Knowing Failure – Labor Code § 226)

17. JetBlue alleges that, even assuming *arguendo* that Plaintiff and/or any putative class action member that were not provided with proper itemized statements of wages and deductions, Plaintiff and/or any putative class action member are not entitled to recover damages because JetBlue's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

**EIGHTEENTH DEFENSE**
(No Injury – Labor Code § 226(e))

18. Plaintiff and/or any putative class action member are not entitled to recover damages because they did not suffer an "injury" under California Labor Code section 226(e).

**NINETEENTH DEFENSE**
(Substantial Compliance)

19. The Complaint, and each cause of action alleged therein, is barred, in whole or in part, because JetBlue complied with its statutory obligations, and to the extent it is determined that there was any non-compliance, JetBlue substantially complied with its obligations and is not liable in whole or in part for any penalties.

**TWENTIETH DEFENSE**
(Due Process/Excessive Fine)

20. Although JetBlue denies that it has committed or has responsibility for any act that could support the recovery of civil or statutory penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil or statutory penalties against JetBlue is

unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

**TWENTY-FIRST DEFENSE**
(Avoidable Consequences)

21. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred, or recovery should be reduced, because (1) JetBlue took reasonable steps to prevent and correct the conduct alleged in the Complaint; (2) Plaintiff, and members of the purported class action, unreasonably failed to use the preventive and corrective measures that JetBlue provided; and (3) reasonable use of JetBlue's procedures would have prevented at least some of the harm that Plaintiff, and members of the purported class action allegedly suffered.

**TWENTY-SECOND DEFENSE**
(Accord and Satisfaction)

22. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**TWENTY-THIRD DEFENSE**
(Unclean Hands)

23. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred, in whole or in part, by their unclean hands and/or inequitable or wrongful conduct.

**TWENTY-FOURTH DEFENSE**
(Setoff and Recoupment)

24. JetBlue alleges that if any damages have been sustained by Plaintiff or by any putative class action member(s), although such damage is not admitted and is specifically denied, JetBlue is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff and/or putative class action members owed to JetBlue, against any judgment that may be entered against JetBlue.

**TWENTY-FIFTH DEFENSE**
(De Minimis)

25. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred in whole or in part by the *de minimis* doctrine.

**TWENTY-SIXTH DEFENSE**
(Waiver / Release)

26. Plaintiff's causes of action and/or the causes of action of some or all of the putative class members are barred, in whole or in part, because such claims have been waived, discharged, abandoned, and/or released.

**TWENTY-SEVENTH DEFENSE**
(Release Through Prior Settlement Agreement)

27. To the extent that Plaintiff or any putative class member has been a party to or settlement class member of any prior settlement, any such individual has released some or all of the causes of action alleged in the Complaint.

**TWENTY-EIGHTH DEFENSE**
(No Entitlement to Jury Trial – Certain Claims)

28. Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are not entitled to a trial by jury, including Plaintiff's claims under California Business and Professions Code sections 17200, *et seq.*

## TWENTY-NINTH DEFENSE
(Adequate Remedy at Law)

29. Plaintiff's causes of action and the causes of action of some or all of the putative class action members brought pursuant to California Business and Professions Code section 17200 are barred, in whole or in part, by the fact that Plaintiff and each putative class action member have an adequate remedy at law.

## THIRTIETH DEFENSE
(Failure to State a Cause of Action)

30. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against JetBlue.

## RESERVATION OF RIGHTS

JetBlue reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## PRAYER FOR RELIEF

JetBlue prays that the Court grant the following relief:

1. That Plaintiff takes nothing against JetBlue by reason of the Complaint, and that the Complaint be dismissed with prejudice;
2. That the Court deny Plaintiff's request to certify this action as a class action against JetBlue;
3. That judgment be entered in favor of JetBlue and against Plaintiff on all causes of action;
4. That JetBlue be awarded its costs of suit incurred herein; and
5. That the Court award JetBlue such other and further relief as it deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: August 2, 2023 | MORGAN, LEWIS & BOCKIUS LLP |

By /s/ Andrew P. Frederick
Andrew P. Frederick
Nicole L. Antonopoulos

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

# **PROOF OF SERVICE**

I, Faye Genevieve Miranda, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On August 2, 2023, I served a copy of the within document(s):

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| **MELMED LAW GROUP P.C.**<br>Jonathan Melmed<br>Laura Supanich<br>Michiko Vartanian<br>1801 Century Park East, Suite 850<br>Los Angeles, California 90067<br>Phone: +1.310.824.3828<br>Fax:    +1.310.862.6851<br>Email: jm@melmedlaw.com<br>           lms@melmedlaw.com<br>           mv@melmedlaw.com | Attorneys for Plaintiff and the Putative Class Carly Pok, an individual, on behalf of herself and all others similarly situated |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 2, 2023, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Faye Genevieve Miranda*
Faye Genevieve Miranda